IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN STANDIFER, | ) | 8:12CV176 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BROADMOOR DEVELOPMENT, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| STEVEN STANDIFER, | ) | 8:12CV177 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| BROADMOOR DEVELOPMENT, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on its own motion.  For the reasons set forth below, Case Numbers 8:12CV176 and 8:12CV177 are consolidated.

## I.  BACKGROUND

On May 17, 2012, Plaintiff filed a Complaint in Case Number 8:12CV176 against Broadmoor Development, Inc. ("Broadmoor"),[1] Stephanie Alba and "[E]nclave" Apartments.  (Case No. 8:12CV176, Filing No. 1.)  In the Complaint, Plaintiff alleges that Defendants: (1) provided inaccurate information regarding the

_____

1.    The Clerk's office incorrectly entered "Broadmoon" in Case Number 8:12CV176.  (*See* Docket Sheet, Case Number 8:12CV176.)

availability of rental units and (2) refused to rent a second-floor apartment to his family because he has children. (*Id.* at CM/ECF pp. 2-3.) Plaintiff subsequently filed a separate Complaint in Case Number 8:12CV177 against Broadmoor, Michelle Wustruck, Thomasville, Inc., and Lindsay Robinson. (Case No. 8:12CV177, Filing No. 1.)  In this Complaint, Plaintiff alleges that Defendants: (1) provided him with false and inaccurate information regarding the availability of rental units, (2) made harassing phone calls threatening to evict his family if he could not keep his kids from disturbing the neighbors and (3) denied his family an apartment. (*Id.* at CM/ECF pp. 2-3.)

## II. ANALYSIS

### A.    Consolidation

Consolidation of separate actions is governed by Federal Rule of Civil Procedure 42(a), which provides:

> If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

A court may consolidate cases in the interest of expedition and economy. *U.S. Envtl. Protection Agency v. Green Forest, Ark.*, 921 F.2d 1394, 1402-03 (8th Cir. 1990). However, consolidation is considered inappropriate "if it leads to inefficiency,

inconvenience, or unfair prejudice to a party." *Equal Emp't Opportunity Comm'n v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

The court has carefully examined the record in Case Numbers 8:12CV176 and 8:12CV177. The Complaint in Case Number 8:12CV176 and the Complaint in Case Number 8:12CV177 both allege that Broadmoor provided Plaintiff with false and inaccurate information regarding the availability of rental units. (*Compare* Case Number 8:12CV176, Filing No. 1, *with* Case Number 8:12CV177, Filing No. 1.) Liberally construed, both Complaints also allege that Broadmoor discriminated against Plaintiff because he has children. (*Id.*) Because Case Numbers 8:12CV176 and 8:12CV177 involve common questions of law and fact, the court will consolidate them in the interest of expedition and economy.

No later than July 12, 2012, Plaintiff shall file an amended complaint in Case Number 8:12CV176 that contains all of Plaintiff's claims, including those presented in Case Number 8:12CV177. Any claims not contained in the amended complaint will be deemed abandoned. In the event that Plaintiff files an amended complaint in accordance with this Memorandum and Order, the court will dismiss Case Number 8:12CV177. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Case Numbers 8:12CV176 and 8:12CV177 may be dismissed without further notice.

**B.     Motion to Appoint Counsel**

Also pending is Plaintiff's Motion to Appoint Counsel. (Case No. 8:12CV177, Filing No. 7.) In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is presently

apparent here.  The request for the appointment of counsel is therefore denied without prejudice.

IT IS THEREFORE ORDERED that:

1.     Plaintiff's Motion to Appoint Counsel (case no. 8:12CV177, filing no. 7) is denied.

2.     No later than July 12, 2012, Plaintiff shall file an amended complaint in Case Number 8:12CV176.  The amended complaint shall contain all of Plaintiff's claims, including those presented in Case Number 8:12CV177.  Any claims not contained in the amended complaint will be deemed abandoned.  All further pleadings shall be filed in Case Number 8:12CV176.

3.     In the event that Plaintiff files an amended complaint in accordance with this Memorandum and Order, the court will dismiss Case Number 8:12CV177.  If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Case Numbers 8:12CV176 and 8:12CV177 may be dismissed without further notice.

4.     The Clerk of the court is directed to set a pro se case management deadline in this case with the following text: July 12, 2012:  deadline for Plaintiff to file amended complaint.

5.     All other pending Motions are denied without prejudice to reassertion after amendment.

DATED this 11th day of June, 2012.

4

BY THE COURT:

John M. Gerrard
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

5