IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN STANDIFER, | ) | 8:12CV176 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| BROADMOOR DEVELOPMENT, | ) | |
| Inc., | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint on this matter on May 17, 2012. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) On July 11, 2012, Plaintiff filed a "Response," which the court liberally construes as an Amended Complaint.[1] (Filing No. 8.) The court now conducts an initial review of the Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.      SUMMARY OF COMPLAINT

Plaintiff filed his Amended Complaint on July 11, 2012, against Defendant Broadmoor Development, Inc. (Filing No. 8 at CM/ECF p. 1.) Liberally construed, Plaintiff alleges housing discrimination based on familial status under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3604(a), (b), (c) and 3617. (*Id.* at CM/ECF pp. 2-8.) Summarized and condensed, Plaintiff alleges Defendant either evicted him from, or refused to re-rent, his current apartment because the "downstairs neighbor" complained about excessive noise made by Plaintiff's children. (*Id.*) Defendant

---

[1]Pursuant to the court's June 11, 2012, Memorandum and Order, the Amended Complaint consolidates Plaintiff's claims with those asserted in Case No. 8:12cv177. (Filing No. 7.) As a result of Plaintiff's consolidation of claims, the court dismissed that separate matter.

thereafter refused to rent a second floor apartment to Plaintiff, and will not rent to him any apartment other than a "more expensive ground floor apartment" as a result of the fact that he has children who make "usual and customary noise." (*Id.* at CM/ECF pp. 2-3.) Plaintiff also alleges generally that Defendant harassed, intimidated, humiliated, and coerced him in its attempt to remove him from the second-floor apartment. (*Id.* at CM/ECF pp. 4-5.)

Plaintiff further alleges that, because of Defendant's actions, he made a "Housing Discrimination compliant [sic] with HUD," which he resolved pursuant to a "Mutual Release Agreement." (*Id.* at CM/ECF pp. 8-9.) Plaintiff seeks "rescission of the Mutual Release Agreement" and damages in the amount of $3,000,000.00. (*Id.* at CM/ECF p. 9.) Plaintiff also references two separate pending Nebraska District Court cases, that he seeks to "join . . .to this claim." (*Id.*)

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient

2

to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.     DISCUSSION OF CLAIMS

Liberally construed, Plaintiff asserts a claim of discrimination based on his familial status pursuant to the FHA. *See* 42 U.S.C. §§3604(a), (b), (c) and 3617. Under the FHA, it is unlawful to "refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). Additionally, it is unlawful "to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith" or "[t]o make, print, or publish, or cause to be made, printed or published any notice, statement or advertisement, . . . that indicates any preference, limitation, or discrimination" based on familial status. 42 U.S.C. § 3604(b) and (c). Finally, it is "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed . . . any right granted or protected by section 3603, 3604, 3605, or 3606" of the FHA. 42 U.S.C. § 3617.

If there is no direct evidence of discrimination because of familial status, the Plaintiff has the burden of proving a prima facie case of discrimination. *United States v. Badgett*, 976 F.2d 1176, 1178 (8th Cir. 1992). The proper approach to establishing a prima facie claim of discrimination of the FHA §§ 3604(a) and (b) is the test set forth in *McDonnell Douglas Corp v. Green*, 411 U.S. 792 (1973). *Id.* To make a prima facie case the Plaintiff must establish: 1) that he is a member of a protected class; 2) the defendant knew about his protected status; 3) he was qualified and

3

willing to continue renting from the defendant; and 4) the defendant refused to allow him to continue renting. *Vaughn v. Weis Mgmt.*, Civil No. 06-2989, 2008 WL 2045817 (D. Minn. May 12, 2008). Liberally construed, Plaintiff has set forth enough factual support for his FHA claim to cross the line from conceivable to plausible.

However, the court is concerned about the separate state-court matters referenced by Plaintiff in the Amended Complaint. (Filing No. 8 at CM/ECF p. 9.) Indeed, to promote comity between state and federal judicial bodies, "federal courts should abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings." *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004). Courts use the doctrine developed in *Younger v. Harris* to carry out this policy. 401 U.S. 37 (1971). Under *Younger*, a federal court should abstain from jurisdiction "'when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented.'" *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (quoting *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir.1996); *see also Boyer v. Scott Bros. Inv. Corp.*, No. 4:11CV1172, 2011 WL 3847412, *6 (E.D. Mo. Aug. 27, 2011) (abstaining under *Younger* where the plaintiff challenged her eviction and finding that "[e]viction is a relatively complex procedure extensively regulated by state law, which dictates stringent notice requirements and the nature of the eviction proceedings themselves"); *Newell v. Rolling Hills Apartments*, 134 F. Supp. 2d 1026, 1036 (N.D. Iowa 2001) (noting the split of authority and abstaining under *Younger* where state-court eviction action was pending and specifically finding that eviction actions implicate important state interests because states "so extensively regulate[] . . . landlord-tenant law" and "the state has the further interest in determining, in the first instance, what defenses may appropriately be raised to a forcible entry and detainer action").

4

Plaintiff's pleadings show that Defendant may have initiated eviction, or other, proceedings against him in Nebraska state court that relate to this matter. (Filing No. 8 at CM/ECF p. 9.) Plaintiff seeks to "join" those separate state-court actions to this matter, noting the case numbers of "CI 125619" and "SC12 452." (*Id.*) However, those separate state-court actions may be parallel, ongoing proceedings[2] which implicate important state interests. In addition, Plaintiff has not alleged, nor demonstrated, that the ongoing state-court proceedings will not provide him with the opportunity to raise the claims and arguments raised in his Amended Complaint, and it appears that he may have already done so. *Plouffe v. Ligon*, No. 08-3996, 2010 WL 2178863, *2 (8th Cir. June 2, 2010) (applying *Younger* and finding abstention warranted where the plaintiff failed to show that the state court proceedings did "not afford him an adequate opportunity to raise his constitutional claims"). Accordingly, the court requires additional information regarding the state court matters referenced by Plaintiff in his Amended Complaint before this matter may proceed.

IT IS THEREFORE ORDERED that:

1.     No later than **September 21, 2012**, Plaintiff must submit evidence or other documents showing the subject matter, and all issues raised, in the separate Nebraska state court matter(s) referenced by Plaintiff as "CI 125619" and "SC12 452." Such evidence may include the pleadings from the state-court matters.

---

[2]The record currently before the court is unclear regarding whether a final judgment has been entered in the state-court proceedings or whether a state-court appeal is pending. Regardless, even if the Nebraska actions are final, this court would be barred from exercising jurisdiction over those final state-court judgments because the *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review of state-court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *see also Jacobs v. Gear Props.*, 2 F. App'x 617, 617 (8th Cir. 2001) (affirming dismissal of civil rights action relating to state-court eviction in accordance with *Rooker-Feldman* doctrine).

2.     The Clerk of the court is directed to set a pro se case management deadline in this matter with the following text: September 21, 2012: deadline for Plaintiff to show state-court case subject matter.

3.     In the event that Plaintiff fails to submit adequate information showing the subject matter and issues raised in state court cases "CI 125619" and "SC12 452," this matter will be dismissed without prejudice and without further notice.

4.     The Clerk of the court is directed to update the docket sheet in this matter to indicate that, in accordance with the Amended Complaint (filing no. 8), the only Defendant is "Broadmoor Development, Inc."

DATED this 23rd day of August, 2012.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.