IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN STANDIFER, | ) | 8:12CV176 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| BROADMOOR DEVELOPMENT, | ) | |
| Inc., | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the court on its own Motion. Plaintiff filed his Complaint in this matter on May 17, 2012. (Filing No. 1.) On August 23, 2012, the court conducted an initial review of Plaintiff's claims and determined that Plaintiff had sufficiently stated a claim for housing discrimination based on his familial status under the Fair Housing Act. (Filing No. 10.) However, that court also noted its concerns that Plaintiff had separate, ongoing state-court actions relating to his eviction. (*Id.* at CM/ECF pp. 4-5.) The court required Plaintiff to show that the state-court proceedings either did not relate to his Fair Housing Act claim and/or did not provide him "with the opportunity to raise the claims and arguments raised in his Amended Complaint." (*Id.* at CM/ECF p. 5.)

    Plaintiff submitted a Response to the court's August 23, 2012, Memorandum and Order. (Filing No. 11.) In that Response, Plaintiff stated that the separate state-court matters "did not and will not provide [him] with an adequate or appropriate opportunity to make claims in violation of the Fair Housing Act." (*Id.* at CM/ECF p. 1.) Plaintiff instituted a state-court action relating to rent payments in "Small Claims' court" but did not raise his Fair Housing Act claim "because [he] believed it was not the proper court" in which to raise that claim. (*Id.*) Plaintiff also submitted the entire court file of the state-court proceedings. (*Id.* at CM/ECF pp. 2-33.)

The court has carefully reviewed the record in this matter. The court is still concerned that Plaintiff may have had the opportunity to raise his Fair Housing Act claim in state court. However, at this early stage of the proceedings, and in light of Plaintiff's clear allegations that the state court proceedings will not permit him an adequate opportunity to raise his Fair Housing Act claim, this matter may proceed to service. The court cautions Plaintiff that this is a preliminary determination based only on the allegations of the Amended Complaint (filing no. 8) and the Response (filing no. 11.) and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.[1]

IT IS THEREFORE ORDERED that:

1. Plaintiff's claim for discrimination based on familial status under the Fair Housing Act may proceed.

2. To obtain service of process on Defendant, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send ONE (1) summons form and ONE (1) USM-285 form to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

3. Upon receipt of the completed forms, the Clerk of the court will sign the summons form, to be forwarded with a copy of the Amended Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Amended Complaint (filing no. 8) without payment of costs or fees. Service may be by certified

---

[1] Nothing in this Memorandum and Order shall restrict Defendant from asserting defenses or arguments relating to abstention under *Younger v. Harris*, 401 U.S. 37 (1971), *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Amended Complaint, and Plaintiff does not need to do so.

4.      Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 60 days from the date of this order to complete service of process.

5.      Plaintiff is hereby notified that failure to obtain service of process on a defendant within 60 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

6.      The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**November 30, 2012**: Check for completion of service of summons."

7.      The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 1st day of October, 2012.

                BY THE COURT:

                *s/ John M. Gerrard*
                United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.